IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>CLAUDETTE BORDERS,  )<br>  )<br>Defendant.  )  | Case No. 18-cr-30033 |

## OPINION

**COLLEEN R. LAWLESS, U.S. District Judge:**

Before the Court is Defendant Claudette Borders' Motion for Compassionate Release. (Doc. 270).

I.   BACKGROUND

In June 2023, Defendant pleaded guilty to one count of conspiracy to distribute 50 grams or more of methamphetamine and one count of aiding and abetting the distribution of 50 grams or more of methamphetamine. Based on the Court's rulings and the calculations reflected in Revised Presentence Investigation Report, the guideline range for the offenses is 324 to 405 months. (Doc. 243). On September 15, 2022, the Court sentenced Defendant to 132 months and 5 years of supervised release. (Doc. 262).

Defendant requests a reduction in her sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), based on the deterioration of her health and her low risk of recidivism. (Doc. 270). The Government argues that Defendant's motion should be denied because

her claims are refuted by her medical records and her good behavior is not a proper basis for compassionate release. (Doc. 272).

## II.     MOTION FOR COMPASSIONATE RELEASE

A court ordinarily "may not modify a term of imprisonment once it has been imposed" because sentences are final judgments. 18 U.S.C § 3582(c). Section 3582(c)(1)(A) authorizes a district court to reduce a defendant's sentence, after considering the sentencing factors described in 18 U.S.C. § 3553(a), if the court finds that (1) extraordinary and compelling reasons warrant a sentence reduction and (2) a sentence reduction is consistent with "applicable policy statements issued by the Sentencing Commission." The Sentencing Commission's policy statement applicable to compassionate release requests was recently amended. *See* Sentencing Guidelines §1B1.13.

Section 1B1.13(b) describes six categories of extraordinary and compelling reasons that individually, or in combination, may support a request for compassionate release: (1) medical circumstances of the defendant; (2) the advanced age of the defendant; (3) a defendant's family circumstances; (4) sexual or physical abuse suffered by the defendant while in custody involving a "sexual act" or "serious bodily injury"; (5) "other reasons" similar in gravity as those articulated in (1)-(4); and (6) an unusually long sentence. When evaluating whether compelling and extraordinary circumstances exist, the court must "consider[] the applicant's individualized arguments and evidence." *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022). Ultimately, Defendant bears the burden of demonstrating that "extraordinary and compelling reasons" warrant a sentence reduction. *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

### A. Exhaustion of Remedies

As a threshold matter, a court may consider a compassionate release motion only if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ("BOP") to bring a motion on the defendant's behalf," or if thirty days have elapsed since BOP has received a compassionate release request from the defendant. 18 U.S.C. § 3582(c)(1)(A). Defendant submitted a request to the Warden, which was denied on April 5, 2024. (Doc. 270). Therefore, she has exhausted her administrative remedies.

### B. Medical Conditions

In some cases, the medical circumstances of a defendant may constitute a compelling and extraordinary reason for compassionate release. 18 U.S.S.G. § 1B1.13(b)(1). These circumstances include when the defendant is suffering from: (1) a terminal illness; (2) a serious physical or medical condition; (3) cognitive impairment; (4) deteriorating physical or mental health because of the aging process; (5) a condition that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover; and (6) a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death. *Id.*

Defendant alleges that she has serious medical conditions. Specifically, she argues that she needs treatment, including surgery, for a foot condition and that she has knee

and back conditions that cause pain. She claims that the BOP is not providing proper medical care.

To the contrary, Defendant's medical records reflect regular, thorough check-ups, prescriptions for pain and other maladies, and referrals to specialists outside the prison. (Doc. 274). She has been diagnosed with a bunion on her left foot, a hammer toe, and degenerative disc disease in her knees. (*Id.*) Her complaints of pain in her foot and knees resulted in the BOP providing a knee brace, medical pillow, medical shoes, and a gel cushion for her toe. (*Id.*) Defendant is limited to housing on the first floor and to the bottom bunk to not exacerbate the pain caused by her current conditions. (*Id.*) Additionally, she has appointments with more medical specialists in the future. (*Id.*) As such, she does not have a medical condition that requires long-term or specialized medical care that is not being provided and without which the Defendant is at risk of serious deterioration in health or death.

Accordingly, the Court finds Defendant has not carried her burden to show that her health issues are an extraordinary and compelling reason to grant release, whether considered alone or together with any other reason.

### C. Rehabilitation

Defendant argues that her low risk of recidivism is an additional basis to support compassionate release. The Seventh Circuit has made clear that the compassionate release statute cannot be read to "permit good prison conduct and rehabilitation alone to override Congress's determinate sentencing scheme." *United States v. Peoples*, 41 F.4th 837, 841 (7th Cir. 2022); *See* 28 U.S.C. § 994(t). Defendant cites her low recidivism risk

assessment score and her lack of disciplinary infractions as evidence of her rehabilitation. While the strides Defendant has made while incarcerated are commendable, including her participation in First Step Act programs, rehabilitation alone cannot be an extraordinary and compelling reason to reduce her sentence. The Court does not find that Defendant's rehabilitation, whether considered alone or in conjunction with any other reason, is an extraordinary and compelling reason to grant her compassionate release.

### D. Section 3553 Factors

Having determined that Defendant has not presented an extraordinary and compelling reason warranting compassionate release, the Court is not required to consider the § 3553(a) factors. *United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("Because Ugbah cannot establish an extraordinary and compelling reason for release, it was unnecessary for the district judge to consider the § 3553(a) factors at all."). However, for the sake of complete analysis, the Court briefly analyzes the sentencing factors and finds that, even if Defendant had demonstrated an extraordinary and compelling reason, the Section 3553(a) factors weigh against compassionate release. Section 3553(a) factors include the following: the nature and circumstances of the offense; the defendant's history and characteristics; and the need for the sentence to (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment, (2) afford adequate deterrence, (3) protect the public, and (4) provide the defendant with effective training, care, and/or treatment. 18 U.S.C. § 3553(a).

Weighing against her, Defendant was held accountable for a significant quantity of drugs: 3,932 grams of methamphetamine. (Doc. 243). Her role in the conspiracy and

distribution was substantial. She obtained large quantities of methamphetamine from across state lines and managed a network of individuals that distributed the drugs on her behalf. Defendant has a significant criminal history including two prior 15-year state sentences for criminal drug conspiracies. Additionally, she committed this offense while on probation for obstructing justice, possession of a controlled substance, and burglary.

Defendant was sentenced to 132 months imprisonment less than a year ago. Her sentence was less than half of the lower end of the guideline range. The Court's original sentence considered Defendant's mitigating circumstances, including presentence rehabilitation including her lack of disciplinary infractions. Releasing Defendant now would not reflect the seriousness of her offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, or protect the public from further crimes.

### III.    CONCLUSION

For the foregoing reasons, Defendant's Motion for Compassionate Release (Doc. 270) is DENIED.

ENTER: September 18, 2024

_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE